IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| KEITH DUNSTON | : | NO. 11-418 |

MEMORANDUM

Bartle, J.                                      October 25, 2011

        Before the court is the appeal of defendant Keith
Dunston from an Order of Magistrate Judge David R. Strawbridge
granting the motion of the government for pretrial detention.
Dunston has also filed a motion for pretrial release.  We review
de novo an Order from a magistrate judge granting a criminal
defendant pretrial detention.  See 18 U.S.C. § 3145(a); United
States v. Delker, 757 F.2d 1390, 1395 (3d Cir. 1985).

        A federal grand jury issued a seven-count indictment on
July 28, 2011 charging Dunston with:  (1) two counts of
distribution of cocaine base or "crack" in violation of 21 U.S.C.
§ 841(a)(1); (2) three counts of unlawful use of a communication
facility in furtherance of a drug crime in violation of 21 U.S.C.
§ 843(b); and (3) two counts of distribution of a controlled
substance within 1,000 feet of a protected location, namely a
school, in violation of 21 U.S.C. § 860(a).

        Dunston appeared before a magistrate judge on
September 30, 2011 for an arraignment and a hearing on the motion
of the United States for pretrial detention.  At the conclusion

of the hearing, the magistrate judge granted the motion and
detained Dunston pending further proceedings.  We held an
evidentiary hearing on October 20, 2011.

The Bail Reform Act governs the issue of pretrial
detention.  See 18 U.S.C. § 3142.  A person is either to be (1)
released on personal recognizance or upon execution of an
unsecured bond; (2) released on conditions; (3) temporarily
detained to permit revocation of conditional release, deportation
or exclusion; or (4) detained.  Id. at § 3142(a).  Dunston is
charged with the commission of several narcotics offenses which
carry a maximum term of imprisonment of more than ten years.
Accordingly, a rebuttable presumption arises that "no condition
or combination of conditions will reasonably assure the
appearance of the [defendant] ... as required and the safety of
... the community ...."  18 U.S.C. § 3142(e)(3)(A).

In deciding whether there are any conditions of release
that will achieve these goals, the Bail Reform Act requires us to
consider the following factors:

> (1)   The nature and circumstances of the offense
>        charged, including whether the offense is a crime
>        of violence or involves a narcotic drug;
>
> (2)   the weight of the evidence against the
>        person;
>
> (3)   the history and characteristics of the
>        person, including --
>
>        (A)   the person's character, physical and
>              mental condition, family ties,
>              employment, financial resources, length
>              of residence in the community, community
>              ties, past conduct, history relating to

-2-

> drug or alcohol abuse, criminal history,
> and record concerning appearance at
> court proceedings; and
>
> (B)  whether, at the time of the current
>      offense or arrest, the person was on
>      probation, on parole, or on other
>      release pending trial, sentencing,
>      appeal, or completion of sentence for an
>      offense under Federal, State, or local
>      law; and
>
> (4)  the nature and seriousness of the danger to
>      any person or the community that would be
>      posed by the person's release ....

Id. at § 3142(g).

Dunston is charged with very serious crimes involving the distribution of narcotics.  If convicted, he faces a possible maximum prison term of approximately 132 years.  The government has strong evidence of Dunston's involvement in these crimes, including approximately 28 audio recordings that implicate him. The government is also prepared to offer surveillance tapes showing Dunston engaged in this illicit activity and various narcotics paraphernalia seized from his house.

Dunston has one previous conviction for third degree murder in 1991.  Although this conviction occurred over twenty years ago, it too is a very serious crime.  Moreover, some of the activity for which Dunston is charged in the current indictment took place while he was still under state parole supervision for his murder conviction.  At the time of his arrest, Dunston tested positive for marijuana use.

Dunston maintains that he has lived in the Philadelphia community his entire life.  He owns a house in which he resides

with his two sons and is prepared to offer the equity in his house to secure his appearance at future court proceedings.  He has worked several jobs, including as a barber, a refrigerator installer, and as a car salesman.

Considering all of these facts, Dunston has not rebutted the presumption that no set of conditions for pretrial release will assure the safety of the community.  The information offered by Dunston in support of his motion for bail does not outweigh the serious nature of the crimes charged, the weight of the evidence against him, and the violent nature of his previous conviction.  We find no error in the pretrial detention of Dunston ordered by the magistrate judge and will affirm his Order of September 30, 2011.  Thus, we will also deny the motion of the defendant for pretrial release.